

**FILED**
**AUG 1 6 2005**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSE GALLEGOS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW SANTE RESTAURANT, INC. d/b/a )<br>EGG BISTRO PANCAKE HOUSE, and )<br>PAUL SOUROUNIS, BILL SOUROUNIS, )<br>GEORGE SOUROUNIS, CHRISTINA )<br>SOUROUNIS, and KASSIANI )<br>SOUROUNIS, individually, )<br>)<br>Defendants. ) | **JUDGE CASTILLO**<br><br>**05C 4697**<br><br>**MAGISTRATE JUDGE SCHENKIER** |

### COMPLAINT

Plaintiff, Jose Gallegos ("Gallegos"), by and through his attorneys Caffarelli & Siegel Ltd., complains against Defendants New Sante Restaurant, Inc. d/b/a Egg Bistro Pancake House ("New Sante"), and Paul Sourounis ("Paul"), Bill Sourounis ("Bill"), George Sourounis ("George"), Christina Sourounis ("Christina"), and Kassiani Sourounis ("Kassiani") as follows:

### NATURE OF ACTION

1. This action is brought pursuant to 29 U.S.C. § 200 *et seq.* commonly known as the Fair Labor Standards Act ("FLSA"); 820 Ill. Comp. Stat. 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law ("IMWL"); and 820 Ill. Comp. Stat. 115/1 *et seq.*, commonly known as the Illinois Wage Payment and Collection Act ("IWPCA").

### PARTIES

2. Plaintiff Jose Gallegos resides in Cook County, Illinois, which is within this District. Plaintiff was at the relevant time an hourly employee of Defendants.

3. Defendant New Sante is a corporation doing business in Illinois. It is, and at all relevant times was, engaged in interstate commerce within the jurisdiction of this Court, and within the boundaries of this District.

4. Defendant Paul is a member of Defendant New Sante's management involved in the day-to-day operations of the company. At all times hereinafter mentioned Paul exerted control over hiring, firing, and compensation decisions related to Plaintiff, and had the power and ability to use his independent judgment with regard to New Sante's payroll practices. Paul acted directly or indirectly in the interest of New Sante in relation to its employees and thus is, and at all relevant times was, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant Bill is a member of Defendant New Sante's management involved in the day-to-day operations of the company. At all times hereinafter mentioned Bill exerted control over hiring, firing, and compensation decisions related to Plaintiff, and had the power and ability to use his independent judgment with regard to New Sante's payroll practices. Bill acted directly or indirectly in the interest of New Sante in relation to its employees and thus is, and at all relevant times was, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6. Defendant George is a member of Defendant New Sante's management involved in the day-to-day operations of the company. At all times hereinafter mentioned George exerted control over hiring, firing, and compensation decisions related to Plaintiff, and had the power and ability to use his independent judgment with regard to New Sante's payroll practices. George acted directly or indirectly in the interest of New Sante in relation to its employees and

thus is, and at all relevant times was, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Defendant Christina is a member of Defendant New Sante's management involved in the day-to-day operations of the company. At all times hereinafter mentioned Christina exerted control over hiring, firing, and compensation decisions related to Plaintiff, and had the power and ability to use her independent judgment with regard to New Sante's payroll practices. Christina acted directly or indirectly in the interest of New Sante in relation to its employees and thus is, and at all relevant times was, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Defendant Kassiani is a member of Defendant New Sante's management involved in the day-to-day operations of the company. At all times hereinafter mentioned Kassiani exerted control over hiring, firing, and compensation decisions related to Plaintiff, and had the power and ability to use her independent judgment with regard to New Sante's payroll practices. Kassiani acted directly or indirectly in the interest of New Sante in relation to its employees and thus is, and at all relevant times was, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

9. This Court has jurisdiction of this action under 29 U.S.C. § 2617 and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

10. The unlawful employment practices described herein were committed within the State of Illinois, in Defendants' Hoffman Estates facility. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

11. Plaintiff was hired by Defendants as a chef on or about 1983, and his employment ended on or about November 10, 2004. At the time Plaintiff's employment was terminated his wages were $10.10 per hour.

12. Plaintiff regularly worked in excess of forty (40) hours per week during his employment.

13. Plaintiff was entitled to one and one half times his regular hourly rate for all hours worked in excess of forty (40) per work week (commonly known as "overtime"). Plaintiff was not paid at the overtime rate for hours worked in excess of forty per week.

14. Plaintiff was paid part of his wages by check, and received the rest in cash. Defendants did not always pay Plaintiff the cash portion of his wages. While Defendants told Plaintiff that they would pay the cash portion of his wages when they had the money, Plaintiff did not often receive the wages he was owed.

15. Defendants' payroll practices were previously audited by the United States Department of Labor ("USDOL"). Defendants were ordered by the USDOL to pay Plaintiff back wages in the amount of $1,207.66. Defendants' check to Plaintiff was not honored for lack of sufficient funds, and Plaintiff was required to pay a service fee to his bank.

16. Defendants did not pay Plaintiff any wages for approximately six weeks of his employment.

17. Defendants acted in bad faith in failing to compensate Plaintiff for the work he performed.

18. Defendants were aware of their obligations to pay employees promised wages, minimum wages, and overtime pay, and intentionally chose not to pay Plaintiff accordingly.

4

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff incorporates and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff worked for Defendants from on or about 1983, until on or around November 10, 2004, and was an "employee" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

21. At any and all times relevant hereto, Defendant New Sante was, and still is, an "enterprise" and an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

22. At all relevant times, Defendant New Sante and Defendants Paul, Bill, George, Christina, and Kassiani were each an "employer" within the meaning of Section 3(d), 29 U.S.C. § 203(d).

23. Plaintiff is entitled to compensation for all time worked, including overtime for all hours worked in excess of forty (40) hours per week.

24. Defendants have at all times relevant hereto failed and refused to pay overtime to Plaintiff for all hours worked in excess of forty (40) hours per week, as required by the FLSA.

25. Defendants have failed and refused to pay compensation to Plaintiff for any hours worked for approximately six weeks of his employment, including overtime for all hours worked in excess of forty (40) hours per week, as required by the FLSA.

26. Defendants have refused and failed to pay minimum and overtime wages to Plaintiff, as required by the FLSA.

27. Defendants knew their obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendants' failure to pay minimum and overtime wages is an intentional violation of the FLSA.

28. In denying Plaintiff's compensation under his specified salary and at a rate of one and one-half for time worked in excess of forty (40) hours in a work week, Defendants' acts were not based upon good faith or reasonable grounds.

29. As a direct and proximate result thereof, there is due to Plaintiff back wages and liquidated damages, pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order awarding Plaintiff:

- A. Back pay equal to the amount of all unpaid minimum wage and overtime compensation for the three (3) years preceding the filing of the Complaint in this action to the present date;
- B. Liquidated damages equal to the amount of unpaid back wages;
- C. Prejudgment interest with respect to the total amount of unpaid minimum wage and overtime compensation;
- D. Reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and
- E. Such additional relief as the Court deems just and appropriate under the circumstances.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

30. Plaintiff incorporates and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff is a former employee of New Sante who has not been paid wages as required by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*

32. Defendants' failure to pay overtime and other wages to Plaintiff is in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*

WHEREFORE Plaintiff respectfully requests that this Court enter an Order awarding Plaintiffs the following relief:

A. Ordering Defendants to make an accounting of all the hours worked and wages paid to the Plaintiff for the period from July 2002 to the present;

B. Entering a monetary judgment for all back wages due as provided by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*;

C. Entering a judgment for prejudgment interest on the back wages in accordance with 815 Ill. Comp. Stat. 205/2 and punitive damages under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/12a;

D. Ordering the Defendants to comply with the Illinois Minimum Wage Law in the future;

E. Entering a monetary judgment for reasonable attorney fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/12; and

F. Such other and further relief as the Court may deem just and equitable.

## COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

33. Plaintiff incorporates and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff was an employee who performed labor services for New Sante and who has not been paid his promised compensation for all hours worked under the Illinois Wage

Payment and Collection Act from July 2002 through the termination of his employment on or about November 10, 2004.

35. Defendants are "employers" within the meaning of the Illinois Wage Payment and Collection Act and are all responsible for violations of the Illinois Wage Payment and Collection Act as set out in this Complaint.

36. Defendants promised to pay Plaintiff a specified amount for said labor, and pursuant to the Illinois Wage Payment and Collection Act, Plaintiff is entitled to be paid the wages he had been promised.

37. Plaintiff is entitled to all compensation for the amount of his promised wages for which he was never paid.

38. Plaintiff was not paid for all time worked. Thus, Defendants have wrongfully converted employees' wages for their own use.

39. The Individual Defendants failed to make New Sante pay Plaintiff all his owed compensation although they were aware of these practices, and had the authority and ability to change them.

40. Defendants failed, neglected, or refused to pay Plaintiff during the period from July 2002 through the termination of his employment on or about November 10, 2004 pursuant to 820 Ill. Comp. Stat. 115/4, and, as a direct and proximate result thereof, Plaintiff has suffered damages in a currently unknown amount.

41. As of the present day, Defendants have failed to pay such unpaid wages.

WHEREFORE Plaintiff respectfully requests that this Court enter an Order awarding Plaintiff the following relief:

A. Ordering Defendants to make an accounting of all the hours worked and wages paid to the Plaintiff for the period from July 2002 to the present;

B. Ordering Defendants to comply with the Illinois Wage Payment and Collection Act in the future;

C. Entering a monetary judgment in favor of Plaintiff, and against each of the Defendants both jointly and severally for the back wages due under the Wage Payment and Collection Act;

D. Awarding Plaintiff prejudgment interest at the statutory rate pursuant to 815 Ill. Comp. Stat. 205/2, and;

E. Such other and further relief as the Court may deem just and equitable

Dated: August 16, 2005

RESPECTFULLY SUBMITTED,

JOSE GALLEGOS

Alejandro Caffarelli
Marc J. Siegel
Bradley Manewith
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601
www.caffarelli.com
(312) 540-1230
(312) 540-1231

By: _____
One of his Attorneys